UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, | No. 2:18-cv-2538-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| AMADOR COUNTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On December 11, 2018, the court ordered this action dismissed after plaintiff failed to pay the filing fee or seek leave to proceed in forma pauperis. ECF No. 25. However, the day before the court's order of dismissal was signed, plaintiff filed an application for leave to proceed in forma pauperis (ECF No. 24), which the court was unaware of when it signed its order. In light of plaintiff's application, albeit tardy, the order of dismissal is vacated. Moreover, because the Clerk entered judgment pursuant the court's order of dismissal, which has now been vacated, the entry of judgment arose from oversight, is accordingly vacated under Federal Rule of Civil Procedure 60(a), and the clerk is directed to reopen the case.

Turning to the complaint, the court notes that the defendant – identified as Amador County – is located in the Sacramento division of this district. However, it is evident from the complaint and its attachments that plaintiff is attempting to challenge the judgment of conviction

1

imposed upon him by the Alameda County Superior Court, which lies in the Northern District of California. Therefore, the court finds that the convenience of the parties and witnesses and the interests of justice are better served by transferring this action to the United States District Court for the Northern District of California.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The December 12, 2018 order of dismissal (ECF No. 25) is vacated;
2. The December 12, 2018 judgment (ECF No. 26) is vacated;
3. The Clerk of the Court is directed to reopen this case; and
4. This matter is transferred to the United States District Court for the Northern District of California. *See* 28 U.S.C. § 1404(a).

Dated: December 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).